UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRINNIN D. JACKSON, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-154-PPS-JEM |
| INDIANA STATE OF, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Trinnin D. Jackson, Jr., a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. [DE 1]. In accordance with 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Jackson is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Jackson is a pretrial detainee at the St. Joseph County Jail. Public records reflect that he is facing charges of strangulation, domestic battery resulting in serious bodily

injury, and other offenses.[1] *See State of Indiana v. Jackson*, 71D08-2410-F5-000378 (St. Joseph Sup. Ct. filed Oct. 30, 2024). He alleges that two officers from the South Bend Police Department, Officer Joseph Slabach and Officer Niall O'Regan, "made incorrect and false" statements in their reports. He further claims that the prosecutor filed "unjust criminal charges" against him. He additionally names the State of Indiana and St. Joseph County as defendants. He seeks "treble" damages for property losses and emotional distress he suffered because of the criminal case.

The Fourth Amendment protects individuals from an arrest without probable cause. *Dollard v. Whisenand*, 946 F.3d 342, 353–54 (7th Cir. 2019). "Probable cause exists to arrest a suspect if at the time of arrest the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Id.* at 353 (citation omitted). When a police officer, acting in good faith, obtains a warrant and acts within its scope, he is shielded from liability. *Knox v. Smith*, 342 F.3d 651, 657-58 (7th Cir. 2003); *Olson v. Tyler*, 771 F.2d 277, 281 (7th Cir. 1985). However, "a facially valid warrant will immunize only the officer who acted in an objectively reasonable manner[.]" *Olson*, 771 F.2d at 281. Thus, if an officer submits an affidavit "that contained statements he knew to be false or would have known were false had he not recklessly disregarded the truth and no accurate information sufficient to constitute probable cause attended the false statements, not only is his conduct the

---

[1] I am permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

active cause of the illegal arrest, but he cannot be said to have acted in an objectively reasonable manner." *Id.*

Here, public records reflect that Jackson was arrested pursuant to a warrant issued by a judicial officer. *Jackson*, No. 71D08-2410-F5-000378 (docket entry Oct. 30, 2024). The probable cause affidavit reflects that the two officers arrived at a South Bend residence in response to an emergency call. They observed Martha Kawamba, Jackson's girlfriend, "bleeding heavily from her face with her left eye swelled almost completely closed." *Id.* Kawamba reported to the officers that Jackson had become physically violent after she confronted him about his drinking, beating and strangling her. The other adult in the household reported that she overheard Jackson hurting Kawamba while she was hiding upstairs with her child. She reported that Jackson admitted to her that he inflicted Kawamba's injuries before leaving the residence. The officers subsequently located Jackson, who denied any wrongdoing but was observed to have "blood on his hands." The officers noted that he "tensed" when confronted with the accusation that he had beaten Kawamba. *Id.*

Other than broadly stating that the officers acted improperly, Jackson does not include factual content to plausibly suggest they knowingly made false statements to obtain a warrant. The officers provided a detailed account reflecting that the victim and an eyewitness both implicated Jackson, and they also personally observed injuries to the victim and blood on Jackson's hands. Jackson does not explain what about their account was "incorrect" or "false." Merely "putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be

3

redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). He has not stated a plausible claim against the officers. Additionally, the prosecutor who filed the charges against him has prosecutorial immunity for actions taken on behalf of the state in his criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).

The State of Indiana is not a "person" who can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Additionally, the State has Eleventh Amendment immunity from a claim for damages in federal court. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). St. Joseph County cannot be held liable for the actions of its employees "unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Jackson does not allege, or include factual content to plausibly suggest, that the County has an official policy or widespread custom that caused him injury. At most he describes wrongdoing by a few individuals involved with his criminal case. He has not stated a claim against the County.

Therefore, the complaint does not state a claim upon which relief can be granted. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course." *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013). In the interest

4

of justice, I will allow Jackson to file an amended complaint if after reviewing this order, he believes he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the Court:

(1) **GRANTS** the Plaintiff until **March 21, 2025**, to file an amended complaint; and

(2) **CAUTIONS** him that if he does not file an amended complaint by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: February 19, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT